**RAILWAY EXP. AGENCY, Inc. v.
KENNEDY et al.**

No. 50 C 1502.

United States District Court,
N. D. Illinois.

Nov. 27, 1950.

Sidley, Austin, Burgess & Smith, Chi-
cago, Ill., for plaintiff.

Myles F. Gibbons, General Counsel Railroad Retirement Board, Chicago, Ill. (David B. Schreiber, Paul M. Johnson, and Edward E. Reilly, all of Chicago, Ill., of counsel), for defendants.

IGOE, District Judge.

This suit was brought by Railway Express Agency, Incorporated under the Railroad Unemployment Insurance Act, 45 U.S.C.A. c. 11 against William J. Kennedy, Frank C. Squire and Horace W. Harper, individually and as members of the Railroad Retirement Board of the United States, for a temporary and permanent injunction enjoining them from paying any unemployment insurance benefits out of the Railroad Unemployment Insurance account to any employees of plaintiff represented by Locals 808 and 459 for days of work lost by reason of an alleged unlawful strike against plaintiff on September 23, 1950.

A temporary restraining order was issued, and at a subsequent hearing for the issuance of a preliminary injunction, defendants moved to dismiss the complaint on the grounds, among others, lack of jurisdiction in the Court because the suit, in effect, is an action against the United States, whose general counsel has not been properly served as provided by statute; that prerequisite to jurisdiction is the consent of the United States to be sued which was not had or its immunity waived; that employees of plaintiff have a vital interest in the outcome and are requisite party defendants; that plaintiff has no pecuniary interest in and to the fund, which is solely for the benefit of employees; that contributions required of employers by the statute are security taxes, the expenditure of which may not be collaterally attacked; that the requisite statutory findings and conclusions made by the Board as to employees entitled to receive benefits are official actions of the Board and not of individuals, and are conclusive so far as this plaintiff is concerned.

Plaintiff contends the strike was in direct violation of the statute and benefit payments are, therefore, prohibited by its terms which the Board unlawfully ignored; that the benefit fund is a trust fund in which plaintiff has a pecuniary interest by reason of its contributions; that if permitted to be thus dissipated, the fund will shrink, requiring a larger percentage contribution (up to 3%) under Sec. 358, which would be considerably in excess of the ½ of 1% contribution currently required; that because such contributions constitute a trust fund, to preserve the same and keep the required contributions to a minimum, plaintiff has a pecuniary interest and is entitled to attack the findings and conclusions of the Board, when in plaintiff's opinion such findings, conclusions and recommendations violate the terms and spirit of the statute.

The Court has considered the evidence together with the briefs of the parties, and is of the opinion the Complaint herein should be dismissed for want of jurisdiction on, among others, the following grounds:

1. While the Complaint herein is against defendants individually and as members of the Board, it is, in effect, against the Board. In such case, it is a suit against an agency of the United States, which has not consented to such action, nor has the United States waived its right of immunity to be sued.

2. The unemployment fund in question is in the nature of security taxes for the benefit of employees and the United States, under the security program, has a vital interest therein. As taxes due, the United States is the owner of the fund, accountable only to the Congress, and plaintiff has no pecuniary interest therein.

3. That the statute requires the Board as such to make investigations, findings and determinations, as to the right of employees to receive unemployment compensation. When made, they are conclusive of the subject with right of appeal under the statute only on behalf of objecting employees.

4. That there exists no statutory right in plaintiff to object or contest the findings and decisions of the Board, even though the same be incorrect or an arbitrary exercise of their delegated authority. To hold otherwise would delay prompt unemployment payments and render orderly administrative procedure impossible.

5. The employees have not authorized defendants to represent their interest, and said employees have a vital interest separate and apart from the interest of defendants. The Complaint seeks to affect their rights to compensation, as found by the Board, and they are indispensable parties regardless of whether, as plaintiff contends, the issue is one of law.

The temporary restraining order is revoked. Prayer for temporary and permanent injunction is hereby denied, and the Complaint is dismissed at plaintiff's costs.