The **WESTERN PACIFIC RAILROAD COMPANY, and the Southern Pacific Company, suing on their own behalf and on behalf of all other railroads similarly situated, Plaintiffs,**

v.

**Howard W. HABERMEYER et al., Defendants.**

**No. 44304.**

United States District Court
N. D. California, S. D.

Nov. 24, 1965.

McCutchen, Doyle, Brown, Trautman &
Enersen, by Burnham Enersen and Rich-

ard Murray, San Francisco, Cal., for plaintiffs.

Cecil Poole, U. S. Atty., by Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for defendants.

SWEIGERT, District Judge.

Plaintiffs, Western Pacific Railroad Company, Southern Pacific Company, suing on their own behalf and on behalf of 775 other similarly situated railroads, have brought this action against defendants, as members and officials of the Railroad Retirement Board (Railroad Retirement Act of 1937, as amended 45 U.S.C. §§ 228a to 228z–1) for a declaratory judgment and for an injunction enjoining defendants from paying any unemployment benefits out of a Railroad Unemployment Insurance Account created by the Railroad Unemployment Insurance Act (45 U.S.C. § 352) to firemen who terminated their railroad employment by accepting severance pay in lieu of other employment as provided in Part C(6) of an Arbitration Award of November 26, 1963, made under an Act of Congress in August of 1963 (Public Law 88–108, 88th Congress, 77 Stat. 132).

The case is presently before the Court upon plaintiffs' motion for a preliminary injunction based upon the verified complaint, an affidavit of Burnham Enersen, one of counsel for plaintiffs, and upon plaintiffs' Memorandum of Points and Authorities.

The defendants oppose the motion upon the basis of the pleadings, an affidavit of Lawrence Garland, Secretary of the Railroad Retirement Board, an affidavit of Abraham Niessen, Chief Actuary for the Railroad Retirement Board, a letter dated September 24, 1964, from Myles F. Gibbons, its General Counsel, to the General Counsel of the Association of American Railroads, and upon defendants' Memorandum of Points and Authorities.

Part C(6) of the Arbitration Award provided that certain firemen, who had more than two but less than ten years seniority and whose job was eliminated under the Award, shall retain their seniority rights unless and until offered by the carrier another comparable job for which he was or might become qualified. Under the Award a fireman who accepted a comparable job retained his seniority rights for a period not exceeding five years but, a fireman who declined to accept such comparable job, forfeited his employment relationships and seniority rights and became entitled to a "severance allowance" which, in the case of the average fireman, amounted to about $5,600.

The Railroad Unemployment Insurance Act, 45 U.S.C. § 354, provides that an applicant for unemployment benefits who left work "voluntarily" is ineligible unless he left work voluntarily with "good cause" and, further, that an applicant who fails, without good cause, to accept "suitable" work available and offered to him, becomes ineligible for a period of 30 days.

The Railroad Retirement Board is charged with the administration of the program of unemployment benefits for railroad workers established by the Railroad Unemployment Insurance Act (45 U.S.C. §§ 351–367).

In a memorandum of June 5, 1964, addressed to Regional Directors and Chief of Claims Operations of the Railroad Retirement Board, the Director of Unemployment and Sickness Insurance of the Board advised that a fireman who was offered comparable work but who, declining to accept it, elected to take the separation allowance instead, was not to be considered as having left work "voluntarily without good cause," within the meaning of the Railroad Unemployment Insurance Act 45 U.S.C. § 354 and, further, that refusal of a fireman to accept a "comparable" job was not to be considered to be a failure, without good cause, to accept "suitable" work—within the meaning of that section.

The Court finds that defendants have been and now are paying out and will continue to pay out substantial sums of money each week from the Unemploy-

ment Insurance Account pursuant to said administrative ruling.

Plaintiffs contend that this interpretation of the Railroad Unemployment Insurance Act as applied to the provisions of Part C(6) of the Arbitration Award, is improper and unlawful and, further, that in any event the Retirement Board is obliged to but has failed to determine *with respect to each fireman applicant* whether he left work "voluntarily" with or without "good cause" and whether he failed, "without good cause" to accept "suitable work"; that the Railroad Unemployment Insurance Fund to which they are required by law to make contributions, 45 U.S.C. § 358, and out of which benefits are paid, will be adversely affected by these improper payments and that the time when plaintiffs can expect to enjoy a lower percentage payment will be delayed.

Defendants contend that their interpretation and administration of The Railroad Unemployment Insurance Act is proper and lawful; that it correctly reached the general conclusion that firemen accepting the severance allowance could not be regarded as having acted without good cause either with respect to voluntarily leaving or failing to accept suitable work.

The Board justifies its general ruling of June 5, 1964, upon the ground that the provisions of Section 354, concerning voluntary leaving of "work" without good cause, is properly referable only to the particular work in which the employee had been engaged, i. e., the "job" he held at the time he separated from railroad employment, as distinguished from leaving general railroad employment status under the elective provisions of Part C (6) of the Arbitration Award; that the leaving of a job, which became non-existent under the Award, could not under any circumstances be deemed "voluntary".

The Board further justifies its general ruling upon the ground that a fireman, who is given a choice under the Arbitration Award of either separation of his employment status or acceptance of an other comparable job, and who chooses separation, could not be considered under any circumstances as having refused, without good cause, to accept "suitable" work within the meaning of Section 354.

Upon this interpretation of the law, as applied to the so-called C(6) firemen, the Board contends it would be irrelevant and idle to inquire into, and make findings upon, the specific issues in each case of "voluntariness," "suitable work" or "good cause."

Defendants further contend that plaintiffs have no right or standing in this action to subject the decision of the Retirement Board to review and that, in any event, plaintiffs are unable to establish any certain, immediate or irreparable damage.

For the purposes of the pending motion for a preliminary injunction it is not necessary for the Court to finally determine the propriety and lawfulness of the Board's interpretation and administration of the Unemployment Insurance Act so far as these C(6) firemen are concerned.

The substantiality of plaintiffs' contentions on that issue is relevant to the motion for preliminary injunction only insofar as it bears upon the question whether there is reasonable possibility that the plaintiffs will prevail in the action.

The Court finds that in this matter the Board has acted well within the limits of the discretion vested in it by law; See Udall v. Tallman, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); Wilbur v. United States ex rel. Kadrie, 281 U.S. 206, 50 S.Ct. 320, 74 L.Ed. 809 (1929); Adams v. Nagle, 303 U.S. 532, 58 S.Ct. 687, 82 L.Ed. 999 (1938); and that the possibility of plaintiffs prevailing upon their contention is doubtful, rather than reasonably probable.

Taking up now defendants' further contention that plaintiffs have no right or standing to review the Board's determination in this action, The Railroad Unemployment Insurance Act, 45 U.S.C.

§ 355, provides that findings and conclusions of the Board in the determination of any claim for benefits or refund, and the determination of the Board that unexpected funds in the account are available for the payment of any claim for benefits or refund, shall be binding and conclusive for all purposes, including the Comptroller General, and shall not be subject to review in any manner except that certain final decisions of the Board may be reviewed upon petition to the United States Court of Appeals. This right of review is limited to claimants whose claims to benefits are disallowed, except that railroads may so contest any alleged employer-employee relationship of a particular claimant and may also contest the issue whether the railroad should be required to pay contributions required of it by the Board under the Act or to receive any refund thereof.

In Railway Express Agency v. Kennedy, 189 F.2d 801 (7th Cir. 1951), affirming 95 F.Supp. 788 (N.D.Ill.1950), the only case in point and the only case, so far as the Court can ascertain, wherein a carrier has sought to review the Board's determination of claims for unemployment benefits, the Court held that the decision of the Board is final and conclusive, except for the review provided in Sec. 355(f); that only employees have the right of review of such determinations; that the railroad's contributions to the unemployment fund are "taxes" and that as such taxpayer, without specific interest or control over the Unemployment Fund, it has no standing to sue. See also, Gange Lumber Co. v. Rowley, 326 U.S. 295, 66 S.Ct. 125, 90 L.Ed. 85 (1945).

■ The Court finds that there is no substantial possibility that plaintiffs will be able to prevail upon their contention that they have standing in this action to subject the decision of the Board to review.

Concerning defendants' contention that plaintiffs have failed to show that, absent a preliminary injunction, they will sustain such irreparable damage as will justify such relief, the Court notes the provisions of The Railroad Unemployment Insurance Act, 45 U.S.C. § 358, which sets forth the statutory system under which the railroads make their contributions to The Unemployment Insurance Fund.

■ This system is such that, although the effect of the payment of the benefit claims in question may ultimately be reflected in the contributions or contribution rates required from plaintiffs, such possibility, depending upon many factors, is a bare, problematical and remote possibility of some such detriment in the future. It is not, and the Court so finds, such certain, immediate probability of irreparable detriment as would justify issuance of a preliminary injunction affecting, not only public interest and policy, but also the claims of the so-called C(6) firemen who are neither parties to nor represented in this action. (See Railway Express Agency v. Kennedy, supra, 189 F.2d at 804–805 and Gange Lumber Co. v. Rowley, supra).

Upon these findings the Court concludes that plaintiffs' motion for preliminary injunction should be and is hereby denied.

The Court reserves ruling on defendants' motion to dismiss or, in the alternative, for summary judgment pending plaintiffs' filing of its objections thereto, and such further affidavits or memoranda as plaintiffs may desire to present upon that motion. Plaintiffs are granted 15 days from service of this order for that purpose and defendants 10 days thereafter for reply.